UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPECTROS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC, INC.,<br><br>Defendant. | Case No: C 09-1996 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REEXAMINATION**<br><br>Docket 27 |

Plaintiff, Spectros Corporation ("Plaintiff"), filed the instant patent infringement action against Defendant, Thermo Fisher Scientific, Inc. ("Defendant"), accusing it of infringing Patent No. 6,711,426 ("'426 patent"). In turn, TFS has counterclaimed for a declaration of invalidity. The Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

The parties are presently before the Court on Defendant's Motion to Stay Pending *Inter Partes* Reexamination. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.      BACKGROUND**

Plaintiff is the owner of the '426 patent, entitled "Spectroscopy Illuminator with Improved Delivery Efficiency for High Optical Density and Reduced Thermal Load," which

was issued by the United States Patent and Trademark Office ("PTO") on March 23, 2004. (Compl. ¶ 6.) On May 9, 2009, Plaintiff filed the instant action alleging that Defendant's NanoDrop 3300 infringes various claims of the '426 patent. (Id. ¶ 8.) Service on Defendant was not completed until August 17, 2009, due to the parties' settlement discussions. Plaintiff filed its Answer to the Complaint and a Counterclaim for a declaration of invalidity on September 8, 2009. To date, no discovery has been taken and no dates in this action have been scheduled.

On September 15, 2009, Defendant filed a request for *inter partes* reexamination with the PTO, pursuant to 28 U.S.C. § 311, seeking to invalidate all of the asserted claims of the patent-in-suit. (Sullivan Decl. Ex. A.) Defendant tendered three prior art references to support its assertion that the patent is invalid under the doctrines of obviousness and/or anticipation. (Id. at 3-8.) On November 10, 2009, the PTO granted Defendant's request for reexamination and issued an office action in which it rejected all 32 claims of the '426 patent. (Keller Reply Decl. Ex. A.) The PTO found that the patent was anticipated within the meaning of 35 U.S.C. § 102(b) under the Shimazaki publication, and obvious under 35 U.S.C. § 103(a) by virtue of U.S. Patent No. 5,785,658 in view of GB 2,357,856. (Id. at 4-8.)

In the meantime, Defendant filed the instant motion to stay the instant action pending reexamination on October 15, 2009. Plaintiff opposes the motion on the grounds that the reexamination process will not resolve Defendant's Counterclaim in its entirety, and that the delay resulting from a stay will be prejudicial.

## II. LEGAL STANDARD

"A patent is presumed to be valid, and this presumption only can be overcome by clear and convincing evidence to the contrary." Enzo Biochem, Inc. Gen-Probe Inc., 424 F.3d 1276, 1281 (Fed. Cir. 2005) (citation omitted). However, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art…." 35 U.S.C. § 302. Reexamination is a procedure by which any person can request that the PTO reexamine or reevaluate the patentability of an unexpired United States patent. See 35 U.S.C. § 302 (*ex parte* reexamination); id. § 311 (*inter partes* reexamination). "Congress

instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO." Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78 (D.D.C. 2002). Patent invalidity is a commonly asserted defense, and courts should be cognizant of Congress' intent to utilize the PTO's specialized expertise to reduce costly and time-consuming litigation. Id.

A district court has the discretion to stay judicial proceedings pending reexamination of a patent. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); accord Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006); Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2007 WL 1655625 at *3 (N.D. Cal. June 7, 2007) (Armstrong, J.).

## III. DISCUSSION

### A. STAGE OF THE LITIGATION

There is no dispute between the parties that this case is in its embryonic stage. The action was filed on May 6, 2009. No discovery has been taken and no trial date or other pretrial deadlines have been established. Thus, the Court finds that the first factor militates in favor of a stay. See Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857 *4 (N.D. Cal. Jan. 16, 2009) (Armstrong, J.).

### B. SIMPLIFICATION OF THE ISSUES AND TRIAL

The second factor examines whether a stay will simplify the issues in question and trial of the case. As this Court has previously observed, "[t]o truly simplify the issues … *the outcome of the reexamination must finally resolve all issues in the litigation*." Yodlee, 2009 WL 112857 *5 (citation and internal quotations omitted, emphasis added). Thus, for example, a stay request is less compelling if the reexamination will not resolve both the affirmative claims alleged in the complaint as well as any counterclaims alleged by the defendant. Id.; see

also Tokuyama Corp. v. Vision Dynamics, LLC, 2008 WL 4452118 (N.D. Cal., Oct. 8, 2008) (denying motion for stay solely on the ground that the reexamination would not resolve all issues in the case) (Armstrong, J.).

Here, the Complaint alleges a single claim for infringement of the '426 patent, while Defendant's Counterclaim seeks to have the patent declared invalid. If the PTO concludes upon reexamination that the '426 patent is invalid, Plaintiff's infringement claim and Defendant's invalidity counterclaim will be resolved. Plaintiff does not dispute this, but instead argues that reexamination will not resolve Defendant's Counterclaim insofar as it based on equitable grounds (i.e., laches, estoppel, etc.) (Opp'n at 4.) This contention is unpersuasive. In the event the PTO were to find the '426 patent invalid (which it has already done in its initial Office Action), such a decision would dispose of both Plaintiff's claim of infringement as well as Defendant's Counterclaim for invalidity. The equitable aspects of Defendant's Counterclaim would then become moot.

### C.   PREJUDICE AND TACTICAL CONCERNS

Plaintiff does not allege nor is there any indication in the record that Defendant filed a request for reexamination to gain a strategic advantage in the action. However, Plaintiff argues that the delay inherent in reexamination is itself prejudicial. In particular, Plaintiff asserts that the reexamination process could take two to three years to complete, that an appeal to the Federal Circuit could take an additional three to four years, and that such delay would "increase the likelihood of loss of evidence." (Opp'n at 2.) In addition, Plaintiff complains that because its counsel is being compensated on a contingency basis, it will be at a disadvantage if the case is stayed. (Id.)

The Court finds that Plaintiff's concerns of delay are insufficient at this juncture to persuade the Court to deny the requested stay. "[T]he prejudice claimed by Plaintiff applies equally to any case where reexamination is sought. It is for that reason that courts have found that "'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" Esco Corp. v. Berkeley Forge & Tool, Inc., 2009 WL 3078463, 3 (N.D.Cal.) (N.D. Cal., Sept. 28, 2009) (citations omitted) (Armstrong, J.). Moreover, Plaintiff ignores that

the reexamination process was enacted by Congress to provide certainty in the validity of patent rights and to provide a faster, less expensive remedy than litigation when the validity of a patent is at issue. Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602 (Fed. Cir. 1985). In light of such objectives, it is incumbent upon the Court to give serious consideration to staying an action pending reexamination where, as here, the litigation is in its early stages and reexamination will potentially resolve all the issues in the case.

In sum, the Court is persuaded that the relevant factors militate in favor of a stay. That being said, the advantages of the reexamination process could be diminished significantly if that process ultimately takes *longer* to conclude than if the district court action were permitted to proceed. Thus, if the Action Closing Prosecution has not issued within one year from the date this order is issued, the Court may revisit the issue of whether a continued stay is appropriate.[1] Such a course of action promotes the interests of judicial efficiency and conserves the parties' resources, while ensuring that this action is not delayed interminably in the event that the anticipated efficiencies underlying the reexamination process do not come to fruition.

### IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Stay Pending *Inter Partes* Reexamination is GRANTED.

2. The Case Management Conference (CMC) scheduled for January 26, 2010 is CONTINUED to **February 9, 2011 at 2:30 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint *updated* CMC Statement which shall be filed no later than ten (10) days prior to the CMC that complies with the Standing Order for All Judges of

---

[1] "The Action Closing Prosecution is not 'final' in the sense that it may be appealed, but does place restrictions on the ability of the Patent Owner to amend the claims. The Patent Owner may respond to the Action Closing Prosecution and if it does so, the Third Party Requester may again file comments. A 'Right Of Appeal Notice' typically follows. The 'Right of Appeal Notice' is a final, appealable office action. From there, either party may appeal the decision to the Patent Office Board of Appeals and Interferences . . . and then to the Court of Appeals for the Federal Circuit . . . ." Matthew A. Smith, Inter Partes Reexamination, Ed. 1E, at 12 (Jan. 31, 2009).

1 the Northern District of California and the Standing Order of this Court.  Plaintiff shall be
2 responsible for filing the statement as well as for arranging the conference call.  All parties
3 shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

      3.     This Order terminates Docket 27.

      IT IS SO ORDERED.

Dated: January 20, 2010

                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge