1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPECTROS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC, INC.,<br><br>Defendant. | Case No:  C 09-1996 SBA<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO STAY PENDING<br>INTER PARTES REEXAMINATION**<br><br>Docket 27 |

        Plaintiff, Spectros Corporation ("Plaintiff"), filed the instant patent infringement action against Defendant, Thermo Fisher Scientific, Inc. ("Defendant"), accusing it of infringing Patent No. 6,711,426 ("'426 patent").  In turn, TFS has counterclaimed for a declaration of invalidity.  The Court has original jurisdiction, pursuant to 28 U.S.C. § 1331.

        The parties are presently before the Court on Defendant's Motion to Stay Pending *Inter Partes* Reexamination.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I.      BACKGROUND

        Plaintiff is the owner of the '426 patent, entitled "Spectroscopy Illuminator with Improved Delivery Efficiency for High Optical Density and Reduced Thermal Load," which

was issued by the United States Patent and Trademark Office ("PTO") on March 23, 2004.

(Compl. ¶ 6.)  On May 9, 2009, Plaintiff filed the instant action alleging that Defendant's

NanoDrop 3300 infringes various claims of the '426 patent.  (Id. ¶ 8.)  Service on Defendant

was not completed until August 17, 2009, due to the parties' settlement discussions.  Plaintiff

filed its Answer to the Complaint and a Counterclaim for a declaration of invalidity on

September 8, 2009.  To date, no discovery has been taken and no dates in this action have been

scheduled.

On September 15, 2009, Defendant filed a request for *inter partes* reexamination with

the PTO, pursuant to 28 U.S.C. § 311, seeking to invalidate all of the asserted claims of the

patent-in-suit.  (Sullivan Decl. Ex. A.)  Defendant tendered three prior art references to support

its assertion that the patent is invalid under the doctrines of obviousness and/or anticipation.

(Id. at 3-8.)  On November 10, 2009, the PTO granted Defendant's request for reexamination

and issued an office action in which it rejected all 32 claims of the '426 patent.  (Keller Reply

Decl. Ex. A.)  The PTO found that the patent was anticipated within the meaning of 35 U.S.C.

§ 102(b) under the Shimazaki publication, and obvious under 35 U.S.C. § 103(a) by virtue of

U.S. Patent No. 5,785,658 in view of GB 2,357,856.  (Id. at 4-8.)

In the meantime, Defendant filed the instant motion to stay the instant action pending

reexamination on October 15, 2009.  Plaintiff opposes the motion on the grounds that the

reexamination process will not resolve Defendant's Counterclaim in its entirety, and that the

delay resulting from a stay will be prejudicial.

## II.    LEGAL STANDARD

"A patent is presumed to be valid, and this presumption only can be overcome by clear

and convincing evidence to the contrary."  Enzo Biochem, Inc. Gen-Probe Inc., 424 F.3d 1276,

1281 (Fed. Cir. 2005) (citation omitted).  However, "[a]ny person at any time may file a

request for reexamination by the Office of any claim of a patent on the basis of any prior

art…."  35 U.S.C. § 302.  Reexamination is a procedure by which any person can request that

the PTO reexamine or reevaluate the patentability of an unexpired United States patent.  See 35

U.S.C. § 302 (*ex parte* reexamination); id. § 311 (*inter partes* reexamination).  "Congress

1   instituted the reexamination process to shift the burden or reexamination of patent validity from

2   the courts to the PTO." Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 78

3   (D.D.C. 2002).  Patent invalidity is a commonly asserted defense, and courts should be

4   cognizant of Congress' intent to utilize the PTO's specialized expertise to reduce costly and

5   time-consuming litigation.  Id.

6          A district court has the discretion to stay judicial proceedings pending reexamination of

7   a patent.  See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); accord Amado

8   v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008).  In determining whether to grant a

9   stay pending reexamination, courts consider: (1) whether discovery is complete and whether a

10  trial date has been set; (2) whether a stay will simplify the issues in question and trial of the

11  case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to

12  the non-moving party.  See Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1110

13  (N.D. Cal. 2006); Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2007 WL

14  1655625 at *3 (N.D. Cal. June 7, 2007) (Armstrong, J.).

15  **III.    DISCUSSION**

16         **A.    STAGE OF THE LITIGATION**

17         There is no dispute between the parties that this case is in its embryonic stage.  The

18  action was filed on May 6, 2009.  No discovery has been taken and no trial date or other

19  pretrial deadlines have been established.  Thus, the Court finds that the first factor militates in

20  favor of a stay.  See Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857 *4 (N.D. Cal. Jan. 16,

21  2009) (Armstrong, J.).

22         **B.    SIMPLIFICATION OF THE ISSUES AND TRIAL**

23         The second factor examines whether a stay will simplify the issues in question and trial

24  of the case.  As this Court has previously observed, "[t]o truly simplify the issues … *the*

25  *outcome of the reexamination must finally resolve all issues in the litigation*."  Yodlee, 2009

26  WL 112857 *5 (citation and internal quotations omitted, emphasis added).  Thus, for example,

27  a stay request is less compelling if the reexamination will not resolve both the affirmative

28  claims alleged in the complaint as well as any counterclaims alleged by the defendant.  Id.; see

1  also <u>Tokuyama Corp. v. Vision Dynamics, LLC</u>, 2008 WL 4452118 (N.D. Cal., Oct. 8, 2008)

2  (denying motion for stay solely on the ground that the reexamination would not resolve all

3  issues in the case) (Armstrong, J.).

4       Here, the Complaint alleges a single claim for infringement of the '426 patent, while

5  Defendant's Counterclaim seeks to have the patent declared invalid.  If the PTO concludes

6  upon reexamination that the '426 patent is invalid, Plaintiff's infringement claim and

7  Defendant's invalidity counterclaim will be resolved.  Plaintiff does not dispute this, but

8  instead argues that reexamination will not resolve Defendant's Counterclaim insofar as it based

9  on equitable grounds (i.e., laches, estoppel, etc.)  (Opp'n at 4.)  This contention is

10 unpersuasive.  In the event the PTO were to find the '426 patent invalid (which it has already

11 done in its initial Office Action), such a decision would dispose of both Plaintiff's claim of

12 infringement as well as Defendant's Counterclaim for invalidity.  The equitable aspects of

13 Defendant's Counterclaim would then become moot.

14     **C.**    **PREJUDICE AND TACTICAL CONCERNS**

15      Plaintiff does not allege nor is there any indication in the record that Defendant filed a

16 request for reexamination to gain a strategic advantage in the action.  However, Plaintiff argues

17 that the delay inherent in reexamination is itself prejudicial.  In particular, Plaintiff asserts that

18 the reexamination process could take two to three years to complete, that an appeal to the

19 Federal Circuit could take an additional three to four years, and that such delay would

20 "increase the likelihood of loss of evidence."  (Opp'n at 2.)  In addition, Plaintiff complains

21 that because its counsel is being compensated on a contingency basis, it will be at a

22 disadvantage if the case is stayed.  (<u>Id.</u>)

23      The Court finds that Plaintiff's concerns of delay are insufficient at this juncture to

24 persuade the Court to deny the requested stay.  "[T]he prejudice claimed by Plaintiff applies

25 equally to any case where reexamination is sought.  It is for that reason that courts have found

26 that "'delay inherent in the reexamination process does not constitute, by itself, undue

27 prejudice.'"  <u>Esco Corp. v. Berkeley Forge & Tool, Inc.</u>, 2009 WL 3078463, 3 (N.D.Cal.)

28 (N.D. Cal., Sept. 28, 2009) (citations omitted) (Armstrong, J.).  Moreover, Plaintiff ignores that

1  the reexamination process was enacted by Congress to provide certainty in the validity of

2  patent rights and to provide a faster, less expensive remedy than litigation when the validity of

3  a patent is at issue.  <u>Patlex Corp. v. Mossinghoff</u>, 758 F.2d 594, 602 (Fed. Cir. 1985).  In light

4  of such objectives, it is incumbent upon the Court to give serious consideration to staying an

5  action pending reexamination where, as here, the litigation is in its early stages and

6  reexamination will potentially resolve all the issues in the case.

7      In sum, the Court is persuaded that the relevant factors militate in favor of a stay.  That

8  being said, the advantages of the reexamination process could be diminished significantly if

9  that process ultimately takes *longer* to conclude than if the district court action were permitted

10  to proceed.  Thus, if the Action Closing Prosecution has not issued within one year from the

11  date this order is issued, the Court may revisit the issue of whether a continued stay is

12  appropriate.[1]  Such a course of action promotes the interests of judicial efficiency and

13  conserves the parties' resources, while ensuring that this action is not delayed interminably in

14  the event that the anticipated efficiencies underlying the reexamination process do not come to

15  fruition.

16  **IV.   CONCLUSION**

17      For the reasons stated above,

18      IT IS HEREBY ORDERED THAT:

19      1.   Defendant's Motion to Stay Pending *Inter Partes* Reexamination is GRANTED.

20      2.   The Case Management Conference (CMC) scheduled for January 26, 2010 is

21  CONTINUED to **<u>February 9, 2011 at 2:30 p.m.</u>**  The parties shall **<u>meet and confer</u>** prior to

22  the conference and shall prepare a joint *updated* CMC Statement which shall be filed no later

23  than ten (10) days prior to the CMC that complies with the Standing Order for All Judges of

24

25  [1] "The Action Closing Prosecution is not 'final' in the sense that it may be appealed, but does place restrictions on the ability of the Patent Owner to amend the claims.  The Patent Owner may respond to the Action Closing Prosecution and if it does so, the Third Party Requester may again file comments. A 'Right Of Appeal Notice' typically follows. The 'Right of Appeal Notice' is a final, appealable office action. From there, either party may appeal the decision to the Patent Office Board of Appeals and Interferences . . .  and then to the Court of Appeals for the Federal Circuit . . . ."  Matthew A. Smith, <u>Inter Partes Reexamination</u>, Ed. 1E, at 12 (Jan. 31, 2009).

1  the Northern District of California and the Standing Order of this Court.  Plaintiff shall be

2  responsible for filing the statement as well as for arranging the conference call.  All parties

3  shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4          3.      This Order terminates Docket 27.

5          IT IS SO ORDERED.

6

7  Dated:  January 20, 2010                                _____
                                                           SAUNDRA BROWN ARMSTRONG
8                                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28