UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPECTROS CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>THERMO FISHER SCIENTIFIC, INC.,<br><br>  Defendant. | Case No:  C 09-01996 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Docket 50 |

   Plaintiff Spectros Corporation is the assignee of United States Patent No. 6,711,426 ("'426 patent"), which is entitled Spectroscopy Illuminator with Improved Delivery Efficiency for High Optical Density and Reduced Thermal Load.  In this action, Plaintiff alleges that Defendant Thermo Fisher Scientific, Inc.'s, NanoDrop 3300 infringes Claims 1, 2, 3 and 4 of the '426 patent.  The parties are now before the Court on Plaintiff's Motion for Leave File Amended Complaint, in which Plaintiff seeks to add a claim that the NanoDrop 3300 infringes Claim 19 of the patent-in-suit.[1]

   Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires."  Fed.R.Civ.P. 15(a)(2); Moss v. United States Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).  Rule 15 "is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  "Four factors are commonly used to determine the propriety of a motion for leave to amend.

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

1  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment."
2  Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks
3  omitted). Of these factors, prejudice "carries the greatest weight." Eminence Capital, LLC v.
4  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment carries
5  the burden of showing why leave to amend should not be granted. DCD Programs, Ltd. v.
6  Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The decision to grant or deny a request for leave
7  to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358
8  F.3d 661, 673 (9th Cir. 2004).

9      Defendant contends that Plaintiff's proposed infringement claim based on Claim 19 of
10  the '426 patent would be futile, ostensibly because the Nanodrop 3300 fluorospectrometer has
11  no "light collection fiber integrated into said illuminator," as set forth in the '426 patent.
12  Hirsch Decl. ¶ 8, Dkt. 57-1. However, patent infringement analysis is a two-step inquiry:
13  (1) the court first construes the claims; and (2) the court must then apply the construed claims
14  to the accused device. See Acumed LLC v. Stryker Corp., 483 F.3d 800, 804 (Fed. Cir. 2007).
15  Given this analytical framework, the issue of infringement is better decided after the claims are
16  construed, rather than on a Rule 15 motion to amend, where the standard is one of "extreme
17  liberality." Accordingly,

18      IT IS HEREBY ORDERED THAT:

19      1.  Plaintiff's Motion for Leave to Amend is GRANTED. Plaintiff shall file its First
20  Amended Complaint within two days of the date this Order is filed.

21      2.  The Case Management Conference currently scheduled for May 10, 2011, is
22  CONTINUED to **May 11, 2011 at 3:30 p.m.** Plaintiff shall be responsible for arranging
23  the telephonic conference call. All parties shall be on the line and shall call (510) 637-3559
24  at the above indicated date and time.

25      3.  This Order terminates Docket 50.

26      IT IS SO ORDERED.

27  Dated: May 5, 2011                               _____
28                                                       SAUNDRA BROWN ARMSTRONG
                                                     United States District Judge