UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPECTROS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> THERMO FISHER SCIENTIFIC d/b/a NANO DROP, <br><br> Defendant. | Case No: C 09-01996 SBA <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES** <br><br> Dkt. 103, 115, 118 |

Defendant Thermo Fisher Scientific's ("TFS") prevailed in this patent infringement action brought by Plaintiff Spectros Corporation ("Spectros"). Thereafter, TFS filed a motion for attorneys' fees under 35 U.S.C. § 285, which provides that a court "may award reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. On referral from this Court, Magistrate Judge Nandor Vadas ("the Magistrate") issued a Report and Recommendation in which he recommended granting in part and denying in part TFS's fee motion.

Spectros has filed objections to the portion of the Magistrate's recommendation to award fees, and has filed a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge Nandor Vadas. Dkt. 118. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for de novo review, SUSTAINS Spectros's objections and DENIES TFS' motion for attorneys' fees. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

On May 6, 2009, Spectros filed the instant patent infringement action against TFS, alleging that its NanoDrop 3300 spectrometer ("NanoDrop" or "accused device") infringed claims 1 through 4 of United States Patent No. 6,711,426 ("the '426 patent" or "patent-in-suit"), which is owned by Spectros. After the lawsuit was filed, TFS sought reexamination of the patent-in-suit by the United States Patent and Trademark Office ("PTO"). On April 19, 2011, the PTO issued a reexamination certificate which cancelled claims 1 through 10 and 24 through 32 of the '426 Patent, but confirmed the validity of claims 11 through 23. Dkt. 62-2. As a result, the four claims allegedly infringed by TFS were cancelled, and hence, were no longer actionable.

In light of the PTO's decision on reexamination, Spectros moved this Court for leave to amend its complaint to allege that the NanoDrop infringed claim 19 of the '426 Patent. Incorporating the limitations of claim 1, claim 19 reads as follows:

> An improved broadband spectroscopy illuminator comprising:
>
> [a] a broadband light source and
>
> [b] an optical coupling means for coupling the light source to a target region,
>
> [c] said source and optical coupling means configured and arranged to achieve an improved efficiency of delivery to said region with a high optical density of at least 1 mW/cm2 and a low transferable thermal load of no more than 100 mW heat per mW usable optical power delivered,
>
> [d] *wherein said illuminator further comprises a light collection fiber, said light collection fiber integrated into said illuminator* and optically coupled to said target region.

Am. Compl. Ex. A ('426 patent, col. 27, ln. 7-17; col. 28, ln. 20-23) (emphasis added), Dkt. 62. TFS opposed the proposed amendment as futile. The Court, however, granted Spectros's motion. The Court found that in light of the liberal policy of permitting amendments under Federal Rule of Civil Procedure 15, the issue of futility could not be resolved at that time based on the limited record presented. Dkt. 61 at 2. Spectros filed its First Amended Complaint on May 5, 2011. Dkt. 62.

On December 7, 2011, the Court held a claim construction hearing to address the following disputed claim terms: (1) "illuminator"; (2) "light collection fiber"; (3) "integrated into said illuminator"; and (4) "optical coupling means for coupling the light source to a target region." Dkt. 76. The centerpiece of the parties' dispute was the issue of whether the "illuminator" was the entire device (Spectros's position) or only that portion of a device that generates broadband light (TFS' position). At the outset of the hearing, the Court indicated its inclination to agree with Spectros's contention that illuminator need not be construed; however, to the extent a construction was necessary, the Court indicated that it should be "*a device* that generates broadband light and delivers that light to a target region or sample." Reporter's Transcript ("RT") at 5:10-18 (emphasis added), Dkt. 110-1. After extensive oral argument, however, the Court agreed with TFS' proposed construction and construed "illuminator" as: "*That portion of a device* that generates broadband light and delivers that light to a target region or sample." Id. at 17:17-81:16 (emphasis added); see also Claim Construction Order at 1, Dkt. 76.

The Court's construction of "illuminator" effectively vitiated Spectros's claim of infringement because the part of the NanoDrop that correlated to the "illuminator" lacked the requisite integrated "light collection fiber," as specified in claim 19. Consequently, TFS requested that Spectros dismiss the action. Steier Decl. ¶ 7, Dkt. 103-1. Spectros refused. Id. As a result, TFS filed a motion for summary judgment, which the Court granted on May 31, 2012. Dkt. 100. With regard to Spectros's claim of literal infringement of Claim 19, the Court found that such claim failed on the ground that "it is clear that the NanoDrop does not have a 'light collection fiber' that is 'integrated into said illuminator'—as specified in the '426 patent." Order at 8. The Court also rejected Spectros's claim based on the doctrine of equivalents as procedurally-barred and lacking in substantive merit. Id. at 11. Spectros appealed the Court's ruling, but voluntarily dismissed its appeal on September 17, 2012. Dkt. 116.

1    In the meantime, on June 14, 2012, TFS filed a motion for attorneys' fees. Dkt. 103.
2  TFS argued that Spectros engaged in litigation misconduct by continuing to litigate its
3  claims (1) notwithstanding the PTO's cancellation of most of the claims of the '426 patent,
4  and (2) after the Court's claim construction ruling which effectively defeated Spectros's
5  remaining claim of infringement. The Court referred the motion to a magistrate judge for
6  findings and recommendations. Dkt. 104. On September 17, 2012, the Magistrate issued
7  his Report and Recommendation in which he recommended partially granting the motion
8  for attorneys' fees in accordance with 35 U.S.C. § 285. See Report and Recommendation
9  ("Report"), Dkt. 115. The Magistrate rejected TFS's contention that Spectros engaged in
10  litigation misconduct when it amended its complaint to add a patent infringement claim
11  based on claim 19 of the patent-in-suit. Report at 5. However, he agreed that TFS had
12  shown by clear and convincing evidence that the case became "exceptional" under § 285
13  when Spectros refused to dismiss the action following the Court's construction of the term
14  "illuminator." Id. In addition, the Magistrate found it significant that Spectros failed to
15  support its opposition to TFS's summary judgment motion with an expert declaration. Id.
16  at 6-7. The Magistrate recommended awarding $109,466.23 in fees and costs. Id. at 8.

17    On October 1, 2012, Spectros filed objections to the Report. Objections, Dkt. 117.
18  First, "Spectros objects to the Magistrate's recommendation that the district court declare
19  this case exceptional when Spectros did not dismiss the case after the district court
20  construed the term 'illuminator.'" Id. at 2. Second, "Spectros objects to the Magistrate's
21  recommendation that the district court award to TFS those reasonable fees and costs it
22  incurred in defending the action after it asked Spectros to dismiss the case on December 19,
23  2011." Id. Spectros accompanied its objections with a Motion for De Novo Determination
24  of Dispositive Matter Referred to Magistrate Judge Nandor Vadas. Dkt. 118. The matter
25  has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

A motion for attorneys' fees may be referred to a magistrate judge for findings and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B). See Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1993). Once findings and recommendations are served, the parties have fourteen days to file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). The district court must make a de novo determination of those portions of the magistrate judge's report to which a party has interposed an objection. Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(C)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

In patent infringement actions, a district court "may award reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. A fee request is analyzed under a two-step inquiry. MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 916 (Fed. Cir. 2012). "First, the court must determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. . . . If the district court finds that the case is exceptional, it must then determine whether an award of attorney fees is justified." Id.

A case may be deemed "exceptional" when there has been "willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates the Federal Rule of Civil Procedure 11, or like infractions." Id. "Absent litigation misconduct or misconduct in securing the patent, a district court can award attorney fees under § 285 only if the litigation is both: (1) brought in subjective bad faith; and (2) objectively baseless." Id. This standard requires that the patentee's case have "no objective foundation" and that the plaintiff "actually know this." Id.

"To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits." Highmark, Inc. v. Allcare Health Management Systems, Inc., 687 F.3d 1300, 1309 (Fed. Cir. 2012). "With respect to the subjective prong, 'there is a presumption that an assertion of infringement of a duly granted patent is made in good faith.'" Id. (quoting Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH, 603 F.3d 943, 954 (Fed. Cir. 2010)). Thus, the subjective prong must be established with clear and convincing evidence. iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011).

TFS contends that Spectros acted unreasonably in refusing to dismiss its case and by insisting on opposing TFS's summary judgment motion in light of the Court's construction of the disputed claim terms. The Court disagrees. The mere fact that Spectros did not prevail at the claim construction hearing with respect to the term "illuminator" did not ipso facto obligate Spectros to abandon its action against TFS. See Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH, 603 F.3d 943, 954-55 (Fed. Cir. 2010). Rather, the proper analysis in such a circumstance is as follows:

> The salient inquiry is whether [plaintiff]'s claims were so lacking in merit that [plaintiff] was legally obligated either to abandon its case altogether or to limit itself to challenging the district court's claim construction order on appeal. If [plaintiff]'s infringement claims were not frivolous or objectively unreasonable, [plaintiff] was entitled to pursue those claims, and its ultimate lack of success does not render the case exceptional.

Id. at 954. In Medtronic, the Federal Circuit found that the plaintiff's infringement claims were neither frivolous nor objective unreasonable. As a result, the appellate panel held that the district court erred in ruling that the plaintiff had "a legal obligation not to oppose [defendant]'s summary judgment motions" following the issuance of the court's claim construction order. Id. at 954-55.

Here, the Court must presume, as a threshold matter, that Spectros's patent infringement claim "is made in good faith." Id. at 954. To overcome that presumption, there must be clear and convincing evidence "that the patentee's infringement claims were

1 vexatious, unjustified, or frivolous, and were pursued in bad faith." Id. Based on the
2 record presented, the Court is not persuaded that TFS has made a sufficient showing to
3 overcome the presumption that Spectros made a good faith claim of patent infringement.
4 As both parties acknowledge, Spectros's infringement claim turned largely on whether the
5 "illuminator" disclosed in the patent-in-suit was the entire device or only a portion of it.
6 The Court's initial inclination was to agree with Spectros's contention that "illuminator"
7 referred to the entire device. It was only after extensive oral argument and the tutorial that
8 the Court was ultimately persuaded by TFS's position that the "illuminator" is a component
9 of the device—not the entire device. The Court's reconsideration of its initial inclination
10 and the extensive argument on the issue strongly militate against any suggestion by TFS
11 that Spectros's infringement claim was frivolous or objectively unreasonable.
12      In sum, the Court determines that Spectros's position on claim construction was not
13 "so unreasonable that no reasonable litigant could believe it would succeed." iLOR, 631
14 F.3d at 1378 (citing Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F.3d
15 1254, 1260 (Fed.Cir. 2008)). Spectros was therefore entitled to pursue its patent
16 infringement claim, "and its ultimate lack of success does not render the case exceptional."
17 Medtronic, 603 F.3d at 954.

## IV. CONCLUSION

19      The Court accepts the Magistrate's unchallenged determination that Spectros did not
20 engage in litigation misconduct by pursuing this action following the PTO's reexamination
21 of the patent-in-suit. However, upon de novo review, the Court disagrees that Spectros's
22 decision to move forward with the litigation after the claim construction hearing and
23 subsequent loss on summary judgment renders this case "exceptional" for purposes of 35
24 U.S.C. § 285. Accordingly,
25      IT IS HEREBY ORDERED THAT:
26      1.    Spectros's Motion for De Novo Determination of Dispositive Matter Referred
27 to Magistrate Judge Nandor Vadas is GRANTED. The Court SUSTAINS Spectros's
28 objections and DENIES TFS' motion for attorneys' fees.

|   |   |
|---|---|
| 1 | 2.   This Order terminates Docket 103, 115 and 118. |
| 2 | IT IS SO ORDERED. |

Dated: November 13, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge